GABESONS REALTY CO., A PARTNERSHIP, PLAINTIFF-APPELLANT, v. BERTRAM NATELSON AND CORRINE NATELSON, HIS WIFE; JAY W. NATELSON AND MIRIAM NATELSON, HIS WIFE; JESSE C. GOODWIN AND SONDRA N. GOODWIN, HIS WIFE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted February 18, 1986—Decided March 20, 1986.

Before Judges FURMAN and PETRELLA.

*Zucker, Goldberg, Becker & Ackerman,* attorneys for appellant (*William L. Gold* on the brief).

*Weltchek, Prupis & Ritz,* attorneys for respondents (*Ernest Prupis* on the brief).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

Plaintiff as prospective buyer appeals from summary judgment in favor of defendants in an action for specific performance of a contract between the parties for the sale of commer-

cial property in Elizabeth. We are constrained to reverse and remand.

In granting summary judgment the trial judge applied the bar of the Statute of Frauds, *N.J.S.A.* 25:1–5, as a matter of law. *N.J.S.A.* 25:1–5 provides in pertinent part:

> No action shall be brought upon any of the following agreements or promises, unless the agreement or promise, upon which such action shall be brought or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person thereunto by him lawfully authorized:
>
> .    .    .    .    .    .    .    .
>
> d.  A contract or sale of real estate, or any interest in or concerning the same;

■ We reject the holding below. Viewed in the light most favorable to plaintiff, issues of fact were open and unresolved, precluding summary judgment, *Judson v. Peoples Bank & Trust Co.*, 17 *N.J.* 67, 73–75 (1954). In their response to demands for admissions defendants admitted that an oral agreement to sell the premises was reached between the parties and that all six defendants individually signed a written contract of sale which was drafted subsequent to the parties' oral agreement. The record before the trial judge on motion and cross-motion for summary judgment also included a letter from defendants' attorney acknowledging receipt of the written contract and advising plaintiff's attorney that he had set up an escrow account with the deposit check of $25,000. At the best for plaintiff the oral agreement was memorialized in the written contract signed by all six defendants or in defendants' attorney's letter of acknowledgement of the written contract as agent for defendants.

■ Factually, defendants retained the written contract signed by them upon communicating that they were not proceeding with the transaction. The trial judge viewed as decisive the nondelivery of that written contract. We disagree.

Delivery of a signed memorandum of an oral agreement is not a precondition for compliance with the Statute of Frauds. As stated in 4 Williston, Contracts (3 ed. Jaeger 1961), § 579A at 121–122:

> By hypothesis under the Statute the oral contract is complete as a matter of common law and written evidence of it alone is necessary. Since the memorandum need not itself be a contract and intent to make it is not requisite, it should follow, especially in view of the fact that neither the original Statute, nor its successors, mentions delivery, that a writing retained wholly within the control of the party to be charged, but which complies with the other requirements of the Statute, should be a sufficient memorandum.
>
> A number of cases, logically enough, so hold. [footnotes omitted]

*See also Transit Advertisers, Inc. v. New York, New Haven & Hartford R. Co.*, 194 *F.*2d 907, 910 (2 Cir.1952); 72 *Am.Jur.* 2d, *Statute of Frauds* § 368 at 892–893; *Simpson, Hornbook on Contracts* (2 ed. 1965), § 90 at 179. According to Professor Simpson, "Since [the signed memorandum] is merely evidence of the contract, it need not be delivered." *Madaio v. McCarthy*, 199 *N.J.Super.* 430 (App.Div.1985), upon which defendants rely, is distinguishable factually because there the parties contemplated only a written agreement.

On remand, fact questions to be resolved should include whether the written contract failed to comply with the Statute of Frauds requirement of a memorandum in writing signed by parties to be charged because defendant Bertram Natelson communicated a decision not to proceed with the contract as agent for the other five defendants, when only four defendants had signed it and the other defendants then mistakenly affixed their signatures; whether defendants' attorney signed the letter of acknowledgement as defendants' agent; and whether the parties contemplated that they would not be bound except upon execution of a written contract. That enumeration of fact questions is not intended to be exclusive.

We reverse and remand for further proceedings not inconsistent herewith. We do not retain jurisdiction.